UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-617-FDW

| | |
|---|---|
| JAMES TERRELL AUSTIN, ) ) Petitioner, ) ) v. ) ) STATE OF NORTH CAROLINA, ) MIKE BALL, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** is before the Court on initial review of Petitioner's pro se petition for a writ of habeas corpus which he filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court finds that Petitioner has failed to establish that he is entitled to any relief, and the petition will therefore be denied and dismissed. See Rule 4 of the Rules Governing Section 2254 Cases.

## I. BACKGROUND

On July 27, 2012, Petitioner was convicted by a Gaston County jury on two counts of sex offense with a child, five counts of sexual offense while in a parental role, four counts of taking indecent liberties with a child, and three counts of first-degree statutory rape. Petitioner was sentenced to over 45-years' imprisonment and he is presently confined in the Avery-Mitchell Correctional Institution. Petitioner appealed his criminal judgment. The North Carolina Court of Appeals summarized the evidence presented at trial:

> Defendant's wife, Rebecca, worked at a foster care licensing agency and was A.B.'s foster care case manager. A.B. was eleven years old. In December 2009, Rebecca became A.B.'s guardian and

1

A.B. moved in with defendant and Rebecca. A.B. testified that she liked living in the home, but eventually began to feel uncomfortable around defendant. A.B. testified that defendant would grab her butt, kiss her, and lie down with her in the mornings before he went to work. A.B. further testified that defendant put his fingers in her vagina, and also touched her vaginal area with his tongue and penis. On other occasions, defendant penetrated A.B.'s vagina with his penis. Defendant would tell A.B. that he loved her and that they were going to get married. When A.B. went to live with her aunt in Arkansas she told her aunt what happened with defendant.

After A.B. disclosed what happened, she was interviewed in Arkansas. A video of A.B.'s interview was played for the jury at trial. Prior to the video being played, the trial court instructed the jury as follows:

> All right. Ladies and Gentlemen, the State is going to play for you at this time State's Exhibit No. 1. You may consider the statements in this video interview not for the truth of what's contained in the statements, but instead compare the statements in this video to the testimony that you've heard earlier this morning and use any consistencies or inconsistencies between the testimony and this statement in helping you to evaluate the credibility of this witness.

During the charge to the jury, the trial court stated: "Certain videos were also introduced into evidence in this case. These videos may be considered by you as evidence of the facts they illustrate or show." On appeal, defendant argues the trial court erred by not telling the jury in the final charge that the statements contained in the video were only admitted for the limited purpose of corroborating or impeaching A.B.'s trial testimony. Defendant contends, "[i]n essence, the trial court's instruction told the jury that the recorded interview carried the same probative weight as A.B.'s testimony."

State v. Austin, 750 S.E.2d 920 (Table), 2013 WL 5231983 (N.C. Ct. App. 2013) (unpublished).[1]

---

[1] Petitioner did not file a petition for discretionary review of the court of appeals decision with the Supreme Court of

In his sole claim on appeal, Petitioner argued that the trial court erred by failing to instruct the jury that statements contained in the videotaped interview of A.B. were admitted solely for the purpose of tending to corroborate or impeach A.B.'s in-court testimony. As the court of appeals observed, the "Defendant contends, '[i]n essence, the trial court's instruction told the jury that the recorded interview carried the same probative weight as A.B.'s testimony.'" Austin, 2013 WL 5231983, at *1. The court of appeals noted that Petitioner did not object to the trial court's jury instructions at trial and then proceeded to examine the trial court's allegedly erroneous omission during the jury instructions for plain error.

Under North Carolina law, in order to establish plain error, a "defendant must show that the erroneous jury instruction was a fundamental error—that the error had a probable impact on the jury verdict." Id. (quoting State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012)).

The court of appeals had no trouble dismissing Petitioner's claim:

> Defendant has not met his burden of showing plain error. Firstly, the trial court did give a limiting instruction prior to the video of A.B.'s interview being played for the jury. Furthermore, there was substantial evidence to support defendant's convictions. A.B. testified about the many occasions that defendant, who was her guardian at the time, engaged in sexual activity with her. A.B.'s therapist, Shannon Kersey, testified that she attended a "good-bye" session on 27 September 2010 with A.B. and defendant when A.B. was moving to a new foster home. Defendant wanted to give A.B. a necklace that said, "I love you," a jewelry box, and an MP3 player. Ms. Kersey did not believe the items were appropriate. Ms. Kersey testified that she listened to the MP3 player and there was a recorded message from defendant to A.B. stating he loved her and wanted to marry her on her 18th birthday. Ms. Kersey further testified that she found a false bottom in the jewelry box that contained a note from defendant to A.B. stating how much he

---

North Carolina.

> loved her and could not wait until she was older. Moreover, Sergeant Eric Wiggins with the Gastonia Police Department testified that defendant admitted he had "romantic feelings" for A.B. In light of the overwhelming evidence, defendant cannot show that, absent any error in the instructions to the jury, the jury probably would have returned a different verdict.

Austin, 2013 WL 5231098, at *2.

In his § 2254 petition, Petitioner renews his challenge to the trial court's final jury instructions, and he includes a claim for ineffective assistance of counsel which challenges his counsel's failure to object to the trial court's omission during final jury instructions. (3:14-cv-617, Doc. No. 1 at 5, 7). Petitioner's claims will be examined herein.

## II.  STANDARD OF REVIEW

When a prisoner files an application for a writ of habeas corpus, a federal court shall not grant the petition if any claims presented have already been adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree. . ." Young v. Catoe, 205 F.3d 750, 755 n.2 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court's adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States

4

Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "It is not enough for us to say that, confronted with the same facts, we would have applied the law differently; we can accord [the petitioner] a remedy only by concluding that the state court's application of the law in his case was objectively unreasonable." See Tice, 647 F.3d at 103 (citing Williams v. Ozmint, 494 F.3d 478, 483-84 (4th Cir. 2007)). "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Id. at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006)) (citations and internal quotation marks omitted).

### III. DISCUSSION

Petitioner first contends that his right to due process as protected by the Fourteenth Amendment was violated when the trial court did not instruct the jury that the statements made by A.B. in the video, which was played before the jury in court, were received into evidence for the limited purposed of corroborating or impeaching A.B.'s testimony at trial. (3:14-cv-617, Doc. No. 1-2 at 1). This claim is without merit.

Petitioner's burden on federal habeas review is to demonstrate that the conclusion of the court of appeals that "[i]n light of the overwhelming evidence, defendant cannot show that, absent any error in the instructions to the jury, the jury probably would have returned a different verdict" – is contrary to or an unreasonable application of federal law. Austin, 2013 WL 5231983, at *2. The Court first notes that that the court of appeals was applying the plain error standard as that term is defined by the Supreme Court of North Carolina and it is well-settled that

5

alleged errors in the application of state law are not cognizable claims on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many time that 'federal habeas corpus does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). Petitioner blankly asserts that his federal right to due process of law was violated by the court of appeals decision, however this skeletal contention does not point this Court to any Supreme Court decision which would support federal habeas relief.

It is important to note that Petitioner does not contend that he is not guilty; rather he clings to the notion that an impeachment or corroboration instruction may have had an impact on the outcome of his trial -- that is, that the jury may have been moved by this instruction and voted to find him not guilty. As the court of appeals observed, the evidence of Petitioner's guilt, which he does not appear to contest, was simply overwhelming. Moreover, as noted in the court of appeals opinion, the trial court did provide the jury with a limiting instruction prior to the introduction of the video during trial which explained that the jury "may consider the statements in this video interview not for the truth of what's contained in the statements, but instead compare the statements in this video to the testimony that you've heard earlier this morning and use any consistencies or inconsistencies between the testimony and this statement in helping to evaluate the credibility of this witness." Austin, 2013 WL 5231983, at *2. Thus any perceived error was cured by this limiting instruction because the jury was clearly apprised of how they could consider A.B.'s testimony, both on the video and in court.

It is clear that Petitioner's right to due process was not violated as he had the opportunity to cross-examine the minor child regarding any perceived differences between her in-court testimony and the statements the child made during the video interview. It is then the jury's duty

to follow the Court's limiting instruction when weighing the evidence. In sum, Petitioner has failed to demonstrate that the trial court's jury instructions deprived him of a fair trial and his first claim for relief will be denied.

In his second claim for relief, Petitioner contends that his trial counsel rendered ineffective assistance by failing to object to the trial court's final jury instructions. As Petitioner maintains, this alleged error forced him to rely on a "plain error" standard of review. (3:14-cv-617, Doc. No. 1-2 at 3-4). Petitioner did not raise this argument on direct appeal and declined to raise this issue in a motion for appropriate relief before the state superior court. See N.C. Gen. Stat. § 15A-1411 et seq. A petitioner is precluded from obtaining federal habeas relief on a claim that was not properly exhausted in state court. See 28 U.S.C. § 2254(b). However, a federal court may deny such a claim on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in state court." Id. § 2254(b)(2).

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel during criminal proceedings. In order to prevail on a claim of ineffective assistance of counsel, a defendant is required to demonstrate that his counsel provided deficient representation. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Next, "the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984).

As the Court has already concluded that Petitioner's challenge to the trial court's final jury instructions was without merit, it follows then that his trial counsel's failure to challenge to

the omitted instruction cannot establish a meritorious claim of ineffective assistance of counsel. Put another way, there is no reasonable probability that such an objection by trial counsel, even if granted, could have changed the outcome of his trial.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner has failed to present any meritorious claims for relief and Petitioner's § 2254 petition will be denied and dismissed.

**IT IS, THEREFORE ORDERED** that Petitioner's § 2254 petition is **DENIED** and **DISMISSED with prejudice.** (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to terminate this civil case.

**IT IS SO ORDERED.**

Signed: November 14, 2014

Frank D. Whitney
Chief United States District Judge